UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BARKER-HOMEK,

    Plaintiff,

v.

ABU DHABI NATIONAL ENERGY
COMPANY PJSC aka TAQA, a corporation;
TAQA NEW WORLD, INC., a Delaware
corporation; CARL SHELDON, an individual;
and DOE DEFENDANTS 1-50, inclusive,

    Defendants.
_____/

Case No. 10-13448

Hon. John Corbett O'Meara

**ORDER GRANTING TAQA'S MOTION**
**FOR EXPEDITED DISCOVERY**

    Before the court is Defendants TAQA and TAQA New World, Inc.'s motion for expedited discovery, filed December 15, 2010. Plaintiff filed a response on December 22, 2010. Also before the court is Plaintiff's motion to compel jurisdictional depositions, to which Defendants have responded. The court did not hear oral argument.

    On August 27, 2010, Plaintiff Peter Barker-Homek ("Barker") filed a complaint against his former employer, Abu Dhabi National Energy Company ("TAQA"), TAQA New World, Inc., Carl Sheldon, and fifty "Doe Defendants." Barker was CEO of TAQA and TAQA New World from 2006 until July 2010. Barker contends that he was terminated from his employment at TAQA after he objected to fraudulent accounting practices and corruption at the company. Barker is currently a resident of California, but at the time of his employment with TAQA, he resided in Abu Dhabi.

    TAQA is a global energy company based in Abu Dhabi which was created in 2005. The

government of Abu Dhabi, through the Abu Dhabi Water & Electric Authority, owns seventy-five percent of TAQA's stock; the other twenty-five percent is traded publicly on the Abu Dhabi Stock Exchange.  TAQA New World is a wholly owned indirect subsidiary of TAQA; it was incorporated in Delaware in 2006 and has its principal place of business in Ann Arbor, Michigan.  Plaintiff claims that there is personal jurisdiction over TAQA in Michigan because TAQA and TAQA New World are essentially the same company.  Defendants dispute this and assert that the companies are separate entities.

TAQA filed a motion to dismiss for lack of personal jurisdiction on November 5, 2010.  Plaintiff responded on December 6, 2010.  After receiving Plaintiff's response, TAQA filed the instant motion for expedited discovery, requesting permission to conduct limited discovery related to jurisdictional issues in advance of the Rule 26(f) conference.  Plaintiff opposes TAQA's motion and, in the alternative, requests the depositions of Sheikh Diab Bin Zayed Al Nahyan ("Sheikh Diab"), the founder of TAQA, and Hamad Hur Al-Suwaidi, Chairman of TAQA, which TAQA opposes.  TAQA submitted a reply brief in support of its motion to dismiss on February 1, 2011.

TAQA seeks dismissal, in part, because it contends that it has no contacts with Michigan, other than the ownership of its subsidiary, TAQA New World.  The parties' declarations reveal that the parties have material disputes of fact regarding the quantity and quality of TAQA's contacts with Michigan and TAQA's control of TAQA New World.  The court concludes that these disputes cannot be resolved on the papers and that an evidentiary hearing is required on the issue of personal jurisdiction and the appropriate forum for this dispute.  See Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) (noting that the court has three alternatives for

dealing with a Rule 12(b)(2) motion: "it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve apparent factual questions").

Accordingly, the court will permit both sides to conduct limited discovery on the issue of personal jurisdiction and whether Michigan is the appropriate forum for this action.  In that regard, Plaintiff requests the depositions of Sheikh Diab and Mr. Al-Suwaidi, both of whom are UAE nationals living in Abu Dhabi.  Sheikh Diab was the Chairman of the Abu Dhabi Water & Electric Company (ADWEA), which owns the majority of TAQA.  TAQA states that Sheikh Diab resigned from ADWEA effective December 12, 2010.  Further, Sheikh Diab is not an employee or officer of TAQA or TAQA World and is not within the subpoena power of this court.  In any event, Plaintiff has not articulated how Sheikh Diab's testimony is relevant to the issue of TAQA's contacts with Michigan.  Accordingly, the court will deny Plaintiff's motion to depose Sheikh Diab at this time.

Mr. Al-Suwaidi is the chairman of the board of directors of both TAQA and TAQA New World.  Plaintiff alleges that Mr. Al-Suwaidi knows the companies' structure and operations and that he traveled to Michigan on a regular basis.  Plaintiff seeks to depose Mr. Al-Suwaidi, who is also the Chairman of the Department of Finance of Abu Dhabi, in the United States.  Plaintiff claims that he fears imprisonment if he returns to Abu Dhabi and will not travel there.  Defendants object that Mr. Al-Suwaidi does not have any more detailed knowledge about TAQA's operations or the relationship between TAQA and TAQA New World than the witnesses presented by Defendants, Carl Sheldon (now CEO of TAQA) and Doug Fraser (CFO of TAQA).  Defendants assert that Plaintiff's request to depose Mr. Al-Suwaidi is intended to

harass and burden TAQA and the witness.

Although Mr. Al-Suwaidi's knowledge may overlap with that of Carl Sheldon and Doug Fraser, this does not preclude Plaintiff from deposing him under the Rules. Mr. Al-Suwaidi is an officer of two of the defendants and is under their control. Therefore, the court will allow Plaintiff to depose Mr. Al-Suwaidi, for the purpose of exploring the issue of personal jurisdiction, either in Abu Dhabi or by video conference, to minimize the burden placed upon this witness.

The parties shall have until **April 8, 2010,** to conduct discovery limited to the issues of personal jurisdiction and whether Michigan is an appropriate forum for this action. The parties shall exchange (1) exhibits they intend to use at the evidentiary hearing, including an exhibit list, and (2) witness lists for the evidentiary hearing by **April 22, 2010.** The parties shall also provide the court with exhibit lists, witness lists, and an estimate of the amount of time the hearing will require by **April 22, 2010.** The parties shall appear for an evidentiary hearing at **9 a.m. on May 5, 2011.**

**SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: February 17, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, February 17, 2011, using the ECF system.

s/William Barkholz
Case Manager